EJECTMENT.                **Sweeney** *vs* **Craddocks.**

*Case 135.*                APPEAL FROM THE GREEN CIRCUIT.

*Ejectment. Date, presumption. Redemption of land sold.*

*July 6.*    JUDGE MARSHALL delivered the opinion of the Court.

After verdict, when the date of the demise is imperfectly stated, (as 184 for 1840,) the Court will not presume a date intended which would show the demise to have expired before suit brought.

THE figures 184, with a blank after them, used in stating the year in which the demise was made, should not, after verdict, be understood as indicating the year one hundred and eighty four, after the birth of Christ; but the 1 must be understood as meaning 1,000, the 8 as 800, and the 4 as 40, showing that the date is imperfectly stated, and that some figure was to have been added. The date should, therefore, be understood as being at least as late as 1840, which would leave many years of the demise unexpired, and a date prior to the accrual of the lessors title will not be assumed after verdict. The motion in arrest was, therefore, properly overruled.

The tender of the money for land sold within the year, when it is redeemable, renders ineffectual a subsequent deed by the Sheriff to the purchaser.

The bill of exceptions does not show any instructions to have been given by the Court. The statement of an instruction in the grounds for a new trial, does not necessarily prove that it was given. And as the evidence authorized the jury to find a proper tender of the money for redeeming the land within twelve months after the sale under execution, which, in our opinion, operates, (under the 30th and 31st section of the execution law of 1828, 1 *Stat. Laws*, 650,) to prevent the efficacy of a subsequent deed by the Sheriff, and to defeat the effect of the prior levy and sale, the verdict for the plaintiff was authorized by the evidence, and the judgment is, therefore, affirmed.

*Harlan & Craddock and Spencer* for appellant.